|    |    |    |
|----|----|----|
| 1  | | HONORABLE RONALD B. LEIGHTON |
| 2  | | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| TODD VERDIER, | CASE NO. C15-5700RBL |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CLARK COUNTY, et al., | |
| Defendants. | |

THIS MATTER is before the Court on its own motion following the Ninth Circuit's dismissal of Plaintiff Verdier's interlocutory appeal for lack of jurisdiction [Dkt. #40]. The Court had previously stayed the case and denied as moot all pending motions based on the appeal [Dkt. #38]. The then-pending motions included defendants' Motion for Summary Judgment [Dkt. #21], Verdier's attorney's Motion to Withdraw [Dkt. #24], and Verdier's Motion for a Stay or for a Continuance and Judgment on Tribunal [Dkt. #28]. In light of the appeal's dismissal, the motions are now ripe for resolution.

The latter motion relates to Verdier's claim that his attorney did not, as ordered, work with him on the response to the pending summary judgment motion. Verdier seeks sanctions and additional time to respond, due to the (then) pending appeal. Any dispute between Verdier and

his attorney is not the subject of this lawsuit. Verdier's Motion for a stay or a continuance, and for sanctions on his attorney for failing to help Verdier respond to the summary judgment motion [**Dkt. #28**], is **DENIED**.

The Court had previously indicated that once a response to the summary judgment motion was filed, the attorney's motion to withdraw would be granted. Whether he worked with Verdier on it or not, the response was in fact filed. [Dkt. #29]. Verdier also filed his own Response [Dkt. #30]. The Motion to Withdraw [**Dkt. #24**] is **GRANTED**, and attorney Lou Rousso is no longer representing Mr. Verdier. Verdier is *pro se* for all purposes until and unless he obtains new counsel.

This leaves the summary judgment motion. The underlying dispute involves a three-party neighborhood quarrel the night of August 17, 2012, involving the Bosts, Martin, and Verdier. At some point, Verdier turned off the Bosts' water supply. Between the three of them, the parties called 9-1-1 a total of five times. In one of the calls, Verdier threatened to "blow away" his neighbor (apparently, Martin) if he came on Verdier's property. Defendant Deputy Walker responded, cuffed Verdier, took his rifle, disabled it and put it in his car. Walker convinced Verdier to turn the water back on, but Verdier admitted the threat to kill his neighbor. Walker arrested him and started to take him in, but he called his Sergeant, who said there was not probable cause and to take him home. Walker did so, and Verdier sued.

He asserts §1983 claims for violations of his constitutional rights: a Second Amendment claim for Walker temporarily taking his gun, a Fourth Amendment claim for wrongful seizure, and a Fifth Amendment claim for Walker's "taking" his water right. He asserts similar claims under the Washington Constitution.

Walker and Clark County seek summary judgment on all of Verdier's claims. The Court has reviewed the motion and all associated filings and evidence, Verdier's attorney's response and Verdier's own response, and the Defendants' Reply.

**A. Legal Standards**

*1. Summary Judgment.*

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. At 251-52.  The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24.

*2. Qualified Immunity.*

Qualified immunity "shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she

confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). The Supreme Court has endorsed a two-part test to resolve claims of qualified immunity: a court must decide (1) whether the facts that a plaintiff has alleged "make out a violation of a constitutional right," and (2) whether the "right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 553 U.S. 223, 232 (2009).[1] Qualified immunity protects officers not just from liability, but from suit: "it is effectively lost if a case is erroneously permitted to go to trial," and thus, the claim should be resolved "at the earliest possible stage in litigation." *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987). The purpose of qualified immunity is "to recognize that holding officials liable for reasonable mistakes might unnecessarily paralyze their ability to make difficult decisions in challenging situations, thus disrupting the effective performance of their public duties." *Mueller v. Auker*, 576 F.3d 979, 993 (9th Cir. 2009). Because "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause [to arrest] is present," qualified immunity protects officials "who act in ways they reasonably believe to be lawful." *Garcia v. County of Merced*, 639 F.3d 1206, 1208 (9th Cir. 2011) (quoting *Anderson*, 483 U.S. at 631).

**B. § 1983 claims.**

1. *Second Amendment*.

Verdier claims that Walker violated his second amendment right to bear arms when he confiscated Verdier's rifle after Verdier admitted he threatened to kill his neighbor. Walker and the County this claim is fatally flawed because it is standard procedure for a deputy to take and secure guns when investigating 9-1-1 calls about neighbors threatening to blow each other away.

---

[1] In *Pearson*, the Supreme Court reversed its previous mandate from *Saucier* requiring district courts to decide each question in order.

Verdier's attorneys' response indicates that he is abandoning this claim. Verdier's *pro se* response seems to suggest he does not agree. He cites a variety of not-on-point cases that he claims generally support his claimed Second Amendment right to bear arms. None support his implicit claim that the Second Amendment prohibits a peace officer from securing his rifle during a feud with his neighbor—even one that includes a recorded threat to kill his neighbor.

Walker did not violate Verdier's Second Amendment right, and even if he did he is entitled to qualified immunity; it would not be clear to a reasonable officer that he is powerless to diffuse such a situation by securing an agitated homeowner's weapon based on the Second Amendment.

The Motion for Summary Judgment on Verdier's Second Amendment claim is **GRANTED** and that claim is **DISMISSED** with prejudice.

2. *Fourth Amendment.*

Verdier's primary (or at least best) claim is under the Fourth Amendment. The gist is that Walker detained him, first at his house and then in a patrol car, for two or three hours in an effort to force him to turn on the Bosts' water, and when he arrested Verdier for threatening to kill Martin. He claims that Walker did not have probable cause to arrest him and that the detention was unlawful.

If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may arrest the individual without violating the Fourth Amendment. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S. Ct. 1536, 1557, 149 L. Ed. 2d 549 (2001). Probable cause to arrest exists if "the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the plaintiff] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). Police must show

only that "under the totality of the circumstances, a prudent person would have concluded that there was a 'fair probability' that [the suspect] had committed a crime." *Hart v. Parks*, 450 F.3d 1059, 1066 (9th Cir. 2006) (citations and internal quotations omitted, alteration in original).

The defendants argue that Walker had probable cause to detain Verdier based on the threat (which they claim constitutes harassment under Washington law, RCW 9A.46.020). They claim Verdier was belligerent and agitated, and that the officer reasonably believed he was a threat to the officer, his neighbor, and others. They also point out that Verdier has offered no actual evidence in support of the allegations in his complaint and in his responses to the motion. Finally, they argue that Verdier has not plead a viable *Monell* claim (and that his Responses to the Motion do not remedy this failure).

Verdier claims that because Martin did not even know about the threat, it could not be harassment or any other crime. The Court does not agree. If Walker had left Verdier and his rifle alone, and Verdier did indeed "blow Martin away," Martin's estate would have a good case against Walker—better than Verdier's. Furthermore, and in any event, Verdier points to no case or authority clearly establishing that an officer can't detain an agitated, armed man threatening to kill his neighbor, so long as the neighbor does not know he has been threatened. And there is none.

Walker is entitled to qualified immunity even if his detention of Verdier violated his rights. Walker's Motion for Summary Judgment on Verdier's Fourth Amendment claim against him is **GRANTED** and that claim is DISMISSED with prejudice.

In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the

entity ratified the unlawful conduct. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646–47 (9th Cir. 1991). Under *Monell*, a plaintiff must allege (1) that a municipality employee violated a constitutional right; (2) that the municipality has customs or policies that amount to deliberate indifference; and (3) those customs or policies were the "moving force" behind the constitutional right violation. *Board of County Com'rs v. Brown*, 520 U.S. 397, 404 (1997). A municipality is not liable simply because it employs a tortfeasor. *Monell*, 436 U.S. at 691. A municipality may be liable for inadequate police training when "such inadequate training can justifiably be said to represent municipal policy" and the resulting harm is a "highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Long v. County of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006); *id*. (*quoting Board of County Com'rs*, 520 U.S. at 409).

Neither of Verdier's responses address his *Monell* claim or this standard in any meaningful way. He has pointed to no policy that was the moving force behind any constitutional violation, no ratification, or any inadequate training or the like. Instead, he seems to claim that the County is liable because it employed Walker. That is not the law.

The County's Motion for Summary Judgment on Verdier's Monell claim is **GRANTED** and that claim is DISMISSED with prejudice.

3. *Fifth Amendment.*

Verdier's Fifth Amendment claim asserts that Walker "took" his water right for public use without just compensation when he forced Verdier to turn his neighbor's water back on. Walker and the County argue that this takings claim is fatally flawed for at least two reasons: (1) Verdier did not own the water right; his father did, and (2) the water right was not "taken for

public use;' only the neighbors (already connected to the well) were permitted to use the water that they presumably had been using for some time.

Verdier's attorneys' response abandons this claim as well. Verdier's pro se response is difficult to read but it does argue that he had the exclusive right to possession of the property. He argues that the Bosts had only a license, not a property right, in the water. This seems to be a distinction without a difference, but it does not address the fact that Walker did not take Verdier's property for "public use."

The Defendants' Motion for Summary Judgment on Verdier's Fifth Amendment takings claim is **GRANTED** and that claim is DISMISSED with prejudice.

**C. Washington Constitutional Claims.**

Verdier does not respond to Walker's argument that a state constitutional violation does not and cannot support an award of money damages. But the argument is accurate: the Washington Supreme Court has not recognized civil claims for violations of the Washington State Constitution. *See Blinka v. Wash. State Bar Ass'n*, 36 P.3d 1094, 1102 (Wash. Ct. App. 2001) (upholding dismissal of state constitutional causes of action where Washington State courts have refused to recognize a private cause of action for alleged state constitutional violations). The Motion for Summary Judgment on Verdier's Washington constitutional claim is **GRANTED** and that claim is DISMISSED with prejudice.

//

//

//

//

//

The Defendants' Summary Judgment Motion [**Dkt. #45**] is **GRANTED** in its entirety and the case is **DISMISSED**.

IT IS SO ORDERED.

Dated this 18th day of May, 2017.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge